AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

IAN NATHANIAL JOHNSON,

Defendant.

Case No. 2:23-mj-01112-DUTY

FILED
CLERK, U.S. DISTRICT COURT
3/10/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____jm___ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
3/9/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of September 19, 2021, through May 11, 2022, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(2) | Distribution of Child Pornography |
| 18 U.S.C. 2252A(a)(5) | Possession of Child Pornography |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Victoria J. Scott
Complainant's signature

Victoria J. Scott, HSI SA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 3/10/2023

Judge's signature

City and state: Los Angeles, California

Hon. Michael Wilner, U.S. Magistrate Judge
Printed name and title

AUSA: Catharine Richmond, (213) 894-7162

**AFFIDAVIT**

I, Victoria J. Scott, being duly sworn, declare and state as follows:

### I.  INTRODUCTION

1. I am a Special Agent ("SA") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") in Los Angeles, California, and I have been so employed since June 2019. I am currently assigned to HSI Ventura, which is tasked with investigating federal crimes involving child exploitation, child pornography, cybercrimes, immigration crimes, human rights violations and human smuggling, smuggling of narcotics, weapons, and other types of contraband, financial crimes, and various other violations of immigration and customs laws. I have received training in the area of child pornography and child exploitation and observed and reviewed various examples of child pornography in all forms of media, including computer media. I have also participated in the execution of numerous search warrants, many of which involved child exploitation and/or child pornography offenses.

2. Through my training and experience, I have become familiar with the methods of operation used by people who are involved with offenses involving the sexual exploitation of children. I have attended training classes and seminars concerning computer crimes and the sexual exploitation of children on the Internet. This training has given me an understanding of how people involved with offenses relating to

i

the sexual exploitation of children use the Internet to further those offenses.

## II. **PURPOSE OF AFFIDAVIT**

3.   This affidavit is made in support of a criminal complaint and issuance of an arrest warrant against IAN NATHANIAL JOHNSON ("JOHNSON"), date of birth April 29, 1986, for violations of 18 U.S.C. §§ 2252A(a)(2), (5), distribution and possession of child pornography.

4.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and investigators. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. **BACKGROUND ON CHILD EXPLOITATION OFFENSES, COMPUTERS, THE INTERNET, AND DEFINITION OF TERMS**

5.   In this affidavit, the terms "minor," "sexually explicit conduct," "visual depiction," "producing," and "child pornography" are defined as set forth in 18 U.S.C. § 2256. The term "computer" is defined as set forth in 18 U.S.C. § 1030(e)(1).

6.   Based upon my training and experience in the investigation of child pornography, and information related to

me by other law enforcement officers involved in the investigation of child pornography, I know the following information about the use of computers with child pornography:

      a.  <u>Child Pornography</u>. As defined in 18 U.S.C. § 2256(8), child pornography is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where: (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

      b.  <u>Computers and Child Pornography</u>. Computers and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. Child pornographers can now produce both still and moving images directly from a common video camera and can convert these images into computer-readable formats. The use of digital technology has enabled child pornographers to electronically receive, distribute, and possess large numbers of child exploitation images and videos with other Internet users worldwide.

      c.  <u>File Storage</u>. Computer users can choose their method of storing files: either on a computer's hard drive, an

external hard drive, a memory card, a USB thumb drive, a smart phone or other digital media device, etc. (i.e., "locally") or on virtual servers accessible from any digital device with an Internet connection (i.e., "cloud storage"). Computer users frequently transfer files from one location to another, such as from a phone to a computer or from cloud storage to an external hard drive. Computer users also often create "backup," or duplicate, copies of their files. In this way, digital child pornography is extremely mobile and such digital files are easily reproduced and transported. For example, with the click of a button, images and videos containing child pornography can be put onto external hard drives small enough to fit onto a keychain. Just as easily, these files can be copied onto compact disks and/or stored on mobile digital devices, such as smart phones and tablets. Furthermore, even if the actual child pornography files are stored on a "cloud," files stored in this manner can only be accessed via a digital device. Therefore, viewing this child pornography would require a computer, smartphone, tablet, or some other digital device that allows the user to access and view files on the Internet.

        d.    <u>Internet</u>. The term "Internet" is defined as the worldwide network of computers -- a noncommercial, self-governing network devoted mostly to communication and research with roughly 500 million users worldwide. The Internet is not an online service and has no real central hub. It is a collection of tens of thousands of computer networks, online services, and single user components. In order to access the Internet, an

individual computer user must use an access provider, such as a university, employer, or commercial Internet Service Provider ("ISP"), which operates a host computer with direct access to the Internet.

   e. <u>Internet Service Providers ("ISP")</u>. Individuals and businesses obtain access to the Internet through ISPs. ISPs provide their customers with access to the Internet using telephone or other telecommunications lines; provide Internet e-mail accounts that allow users to communicate with other Internet users by sending and receiving electronic messages through the ISPs' servers; remotely store electronic files on their customer's behalf; and may provide other services unique to each particular ISP. ISPs maintain records pertaining to the individuals or businesses that have subscriber accounts with them. Those records often include identifying and billing information, account access information in the form of log files, e-mail transaction information, posting information, account application information, and other information both in computer data and written record format.

   f. <u>IP Addresses</u>. An Internet Protocol address ("IP Address") is a unique numeric address used to connect to the Internet. An IPv4 IP Address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). In simple terms, one computer in a home may connect directly to the Internet with an IP Address assigned by an ISP. What is now more typical is that one home may connect to the Internet using multiple digital devices simultaneously, including laptops,

tablets, smart phones, smart televisions, and gaming systems, by way of example. Because the home subscriber typically only has one Internet connection and is only assigned one IP Address at a time by their ISP, multiple devices in a home are connected to the Internet via a router or hub. Internet activity from every device attached to the router or hub is utilizing the same external IP Address assigned by the ISP. The router or hub "routes" Internet traffic so that it reaches the proper device. Most ISPs control a range of IP Addresses. The IP Address for a user may be relatively static, meaning it is assigned to the same subscriber for long periods of time, or dynamic, meaning that the IP Address is only assigned for the duration of that online session. Most ISPs maintain records of which subscriber was assigned which IP Address during an online session.

    g. <u>IP Address – IPv6</u>. Due to the limited number of available IPv4 IP addresses, a new protocol was established using the hexadecimal system to increase the number of unique IP addresses. An IPv6 consists of eight sets of combination of four numbers 0-9 and/or letters A through F. An example of an IPv6 IP address is 2001:0db8:0000:0000:0000:ff00:0042:8329.

    h. <u>CyberTipline.</u> The National Center for Missing and Exploited Children ("NCMEC") is a nonprofit organization in the United States working with law enforcement on issues relating to missing and exploited children. NCMEC provides information it receives from the public and Electronic Service Providers ("ESPs") to law enforcement agencies. ESPs are companies such as Google, Yahoo!, and AOL, which provide free and paid services

online. These services may include e-mail, instant messaging, and online storage. NCMEC sends information to law enforcement by way of CyberTipline reports. According to NCMEC's website, the CyberTipline is operated in partnership with the FBI, ICE, U.S. Postal Inspection Service, U.S. Secret Service, military criminal investigative organizations, U.S. Department of Justice, Internet Crimes Against Children Task Force program, as well as other state and local law enforcement agencies. Reports to the CyberTipline are made by the public and ESPs. ESPs are required by law to report apparent child pornography to law enforcement via the CyberTipline.

   i. <u>Chats</u>.  A chat refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

   j. <u>Definitions</u>. Based on my training and experience, I know the following definitions:

    i. "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

    ii. "Mobile applications," as used herein, are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game.

          iii. "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any person.

          iv. "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

          v. A "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

## IV. SUMMARY OF PROBABLE CAUSE

7. In September 2021, JOHNSON uploaded child pornography to a cloud-based file storage and sharing platform, Dropbox. Dropbox reported that activity to the National Center for Missing and Exploited Children ("NCMEC") and NCMEC sent a lead to law enforcement in the Central District of California. Based on the lead and further investigation, on May 11, 2022, I obtained a federal search warrant from United States Magistrate Judge, the Honorable Charles Eick, 22-MJ-01853, attached and

incorporated hereto as Exhibit A, to search JOHNSON's residence and digital devices for evidence of JOHNSON's distribution of, possession of, and access with intent to view child pornography.

8.  During the search, agents seized digital devices belonging to and used by JOHNSON. On those devices, agents found child pornography, chats in which JOHNSON sent – or distributed – child pornography, chats with others about their shared sexual interest in children, and searches for child pornography.

## V.  STATEMENT OF PROBABLE CAUSE

9.  Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A.  JOHNSON Uploads Child Pornography to the Internet on September 19, 2021

10.  Based on my review of CyberTipline report 102063475, I learned that on or about September 19, 2021, Dropbox account 4305147232, later identified as JOHNSON, as described further below, registered to use Dropbox from IP address 2603:8001:8f01:3500:508:de2b:4829:be34 ("the -be34 IP address"). Account 4305147232 then uploaded to Dropbox two files, which Dropbox reported were publicly available.

11.  Based on my training and experience, I know that Dropbox, Inc. is an American file hosting service that provides cloud storage, file synchronization, personal cloud, and client software. Dropbox offers 2GB of storage for free, with paid options for more storage capacity.

12. I reviewed the files that account 4305147232 uploaded to Dropbox on September 19, 2021. I determined that one of the files contained child pornography and one did not. The file was titled "1_5019307045069783178.mp4" and shows what appears to be a pre-pubescent minor female reclined on a bed with her labia and vagina exposed while an adult hand penetrates her vagina.

13. Dropbox account information provided for Dropbox account 4305147232 included username "JJ" and email account hereinchatsworth@yahoo.com.

14. Also on September 19, 2021, Dropbox account 665598011, later identified as JOHNSON, as described further below, logged in to Dropbox using the -be34 IP address.

B. **JOHNSON Uploads Child Pornography to the Internet on September 22, 2021**

15. Based on my review of CyberTipline report 102394241, on or about September 22, 2021, JOHNSON, acting as Dropbox account 665598011, uploaded to Dropbox five files, four of which contained child pornography, and one of which did not. Once uploaded, the files were publicly available according to Dropbox.

16. I conducted a review of the files that Dropbox account 665598011 uploaded to Dropbox and found the following child pornography:

   a. The video file titled "1_5019307045069783178.mp4" shows what appears to be a pre-pubescent minor female reclined

x

on a bed with her labia and vagina exposed while an adult hand penetrates her vagina.[1]

      b. The video file titled "VID_20210512_031240_479.mp4" shows an adolescent female, approximately 12-14 years of age, and a pre-adolescent female, approximately 9-11 years of age exposing their breasts and genitalia and rubbing their genitalia together. The video is approximately five minutes long and freezes on specific camera angles to display the exposed genitalia.

      c. The video file titled "VID_20210512_031254_868.mp4" shows the exposed genitalia of a minor female who appears to be approximately 3-5 years of age being penetrated by the penis of a minor male who also appears to be 3-5 years of age.

      d. The fourth video file appears to be a duplicate of "VID_20210512_031240_479.mp4", described above in reference to its upload on September 19, 2022. The files have the same name and contents.

    **C.**   **Identification of JOHNSON as the User of Dropbox accounts 665598011 and 4305147232 and the resident of the physical address using the -be34 IP address**

    17. On December 23, 2021, I served a Customs Summons on Charter Communications for subscriber information for the -be34 IP address. On December 30, 2021, Charter Communications responded to the subpoena with the account subscriber IAN JOHNSON, the service address as the 21425 Bramble Way, Santa

---

[1] This was also one of the files that JOHNSON uploaded using Dropbox account 4305147232.

Clarita, California, ("the Bramble Way property") and the username hasanewstyle@yahoo.com.

18. In sum, JOHNSON is the subscriber of the -be34. As detailed below, JOHNSON lives at the Bramble Way property, which is the physical address for the -be34 IP address. Dropbox account 4305147232 used the -be34 IP address to register for Dropbox on September 19, 2021.

19. Dropbox Account 665598011 logged in to Dropbox from the -be34 IP address. Dropbox lists JOHNSON as the name on Dropbox Account 665598011. Dropbox account 4305147232 and Dropbox Account 665598011 both uploaded one of the same pornography files three days apart.

20. Before serving the search warrant, I took steps to verify JOHNSON was a resident of the Bramble Way address, including, but not limited to:

    a. Confirming JOHNSON listed the Bramble Way address as his residence on his California driver's license;

    b. Confirming JOHNSON is the owner of vehicle registered with the DMV at the Bramble Way address; and

    c. On April 26, 2022, conducting surveillance at the Bramble Way address and seeing JOHNSON's registered vehicle in the driveway.

## VI. Agents execute a search warrant at JOHNSON's residence and seize his digital devices

21. On May 11, 2022, as described above, I obtained a federal search warrant, attached to and incorporated herein as Attachment A, for the Bramble Way address.

22. Pursuant to that warrant and on that same day, other agents and I executed the warrant, including seizing digital devices. Those digital devices included a cellphone taken from JOHNSON's pocket and a laptop and computer tower in his bedroom.[2]

23. Agents seized those devices, and other evidentiary items, and secured them into the custody of Homeland Security.

### VII. On Johnson's digital device, agents find child pornography and chats in which JOHNSON distributed child pornography and discussed his sexual interest in children

24. Pursuant to the search warrant, forensic computer agents extracted data from the devices and I later searched them, as described below.

25. On JOHNSON's black One Plus cellphone, bearing serial number F4AD99A6 and International Mobile Equipment Identity number 865208042653595, I found:

a. over 200 files of child pornography and close to 200 files of child exploitative material (that is, material that exploits children but might not meet the statutory definition of child pornography; it also often called child erotica). Two of those files depicting child pornography were:

i. File 4_5832388974617823900.mp4, which is a 43-second-long video portraying a nude white adult male penetrating a minor female, approximately 6-9 years, of age from behind with his penis.

---

[2] When contacted by law enforcement, JOHNSON was Mirandized and invoked his rights. I was told JOHNSON made two spontaneous utterances, however, subsequent to his invocation: (1) that the phone in his pocket was his and agents would find a laptop and computer tower in his bedroom and (2) while agents were asking JOHNSON's mother, Janette Johnson, who lived in each bedroom, JOHNSON pointed to a room and said it was his.

     ii. File 4_6017361254572623227.mp4, which is a 2 minute, 50-second-long video portraying a nude white adult male penetrating a minor female approximately 8-10 years of age from behind with his penis. There are also close shots of the minor female's vagina and anus while the male pulls the buttocks apart to display them;

   b. a Google Account whose user registered with the email address hasanewstyle@gmail.com, which is the same email address Dropbox reported to NCMEC;

   c. the Telegram application. Telegram is an end-to-end encrypted chatting application on which media files can be shared. JOHNSON was engaged in numerous chats on Telegram with other users. Several of those chats centered around JOHNSON and the other user's mutual sexual interest in children. One chat, with user "John Smith," described below, showed JOHNSON had distributed child pornography.

     i. On or about December 20, 2021, JOHNSON asks John Smith to film himself molesting his adolescent daughters. In return, John Smith sent JOHNSON two files, -5046544280713275942 _109.jpg and -5046544280713275941_109.jpg, which depicted surreptitious recording through blinds of a nude adolescent black female in what appears to be her bedroom, where she bends over with her nude buttocks as the focus. JOHNSON asked, "Is that the one that rode your cock?" and "John Smith" answered, "nope, the younger one, she has grabbed and played with it tho." John Smith said the child was 11 years-old at the time the video was taken.

    ii. JOHNSON questions John Smith about exploring his daughters' bodies, having sexual intercourse with them, and asks for more videos of his daughters.

    iii. JOHNSON sends to John Smith "a bunch" of "naughty little girl" videos and images and writes, "my ex is pregnant with my kid, to bad it's a boy." He then asks John Smith what his new age preference is, now that he's seen "a good variety of different ages." John Smith states 10 and up. The videos JOHNSON sent John Smith included:

    (I) At 2:27 p.m., a video with file name 1_5046544280257036830.mp4, which portrayed a minor female approximately 8-11 years of age, blindfolded with a pink collar around her neck, conducting oral stimulation of an adult penis.

    (II) At 9:56 p.m., a video with file name 1_5048796080070722110.mp4, which portrayed an adult male vaginally penetrating an adolescent female, approximately 13-15 years of age, and holding her down by her neck. JOHNSON's message with the video said, "This could be both of them during the next visit."

    (III) On December 31, 2021, a video with a file name 1_5066989810300256625.mp4, which portrayed an adult black male penetrating the rectum of an adolescent female, approximately 13-16 years of age. JOHNSON's message with the video said, "This one made me think of you and your daughters."

    (IV) On December 31, 2021, a video with the file name file name 1_5077989810300256626.mp4, which portrayed an adult black male penis penetrating the rectum of a nude minor

female approximately 6-9 years of age. JOHNSON's message with the video said, "And this one lol."

26. On JOHNSON's computer tower, bearing serial number C4160115004014, and containing an internal 256 GB SanDisk Solid State Drive model X400, bearing serial number160895440603, I found:

    a. File name art.jpg in file path, with MD5 C6E7D04DC10E4D26A9B65DFE8103BA99, which portrayed an adult male penis orally penetrating a minor female approximately 4-6 years of age.

### VIII. TRAINING & EXPERIENCE ON INDIVIDUALS WITH A SEXUAL INTEREST IN CHILDREN

27. As set forth above, there is probable cause to believe that JOHNSON distributed and possessed child pornography. Based on my training and experience, and the training and experience of other law enforcement officers experienced in investigating crimes involving the sexual exploitation of children with whom I have had discussions, I have learned that individuals who view and possess multiple images of child pornography, including on in online chats, are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals:

    a. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in

photographs, or in other visual media; or from literature describing such activity.

      b.    Individuals who have a sexual interest in children or images of children may collect and distribute sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides, and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children often use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

      c.    Individuals who have a sexual interest in children or images of children may possess and maintain "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etcetera, in the privacy and security of their home or some other secure location. Individuals who keep hard copies typically retain them for many years.

      d.    More recently, individuals who have a sexual interest in children or images of children typically maintain their collections in a digital or electronic format. They typically maintain these collections in a safe, secure, and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are

kept close by, usually at the collector's residence or inside the collector's vehicle, to enable the individual to view the collection, which is valued highly.

   e. Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and child pornography (including through digital distribution via the Internet); conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. These individuals often maintain possession of these items for long periods of time.

   f. Individuals who access hidden and embedded child pornography-related bulletin boards, and other forums such as newsgroups and IRC chatrooms, are typically more experienced child pornography collectors. These individuals likely would have gained knowledge about such forums through online communications with other individuals who have a sexual interest in children or images of children.

   g. Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

## IX. CONCLUSION

28. For all the reasons described above, there is probable cause for the requested complaint and issuance of an arrest warrant against IAN NATHANIAL JOHNSON for violations of 18 U.S.C. §§ 2252A(a)(2), (5), distribution and possession of child pornography.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __10th__ day of
__March__, 2023.

_____
HONORABLE MICHAEL WILNER
UNITED STATES MAGISTRATE JUDGE